IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROGER PRINGLE,**

      **Petitioner,**

v.                                                                     **Case No. 2:18-cv-01023**

**DUSHAN ZATECKY,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 11, 2018, the petitioner filed a "Motion to Remove from State Court to Federal of Charleston, West Virginia" (ECF No. 1) and a "Motion Filing Quasi Contempt and Constructive Contempt" (ECF No. 4). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

The petitioner is presently incarcerated in the Westville Correctional Facility in Westville, Indiana, where he is serving an 18-year sentence after being convicted of one count of burglary in the Superior Court of Bartholomew County, in Columbus, Indiana, on April 4, 2012. This is the sixth of six civil actions filed in this court by the petitioner since December of 2016 concerning his Indiana criminal proceedings.[1]

---

[1] On December 12, 2016, the petitioner also filed another civil action unrelated to his criminal proceedings, *Pringle v. The Land Office of Records, Charleston, West Virginia*, No. 2:16-cv-12089, which was dismissed as frivolous on April 10, 2017.

The first two matters, styled as *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12029, filed on December 12, 2016, and *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12373, filed on December 20, 2016, were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and were transferred to the United States District Court for the Southern District of Indiana, which subsequently transferred both petitions to the United States District Court for the Northern District of Indiana. Both petitions were dismissed without prejudice on March 2, 2017 as being duplicative of a section 2254 petition already pending in that court, No. 3:16-cv-00717, which was dismissed on that same date for failure to exhaust state court remedies.

Undeterred by this court's Orders informing him that this court is not the proper jurisdiction and venue to consider his habeas corpus claims, the petitioner continued to write letters to this court and its Clerk seeking legal advice and assistance of counsel. Then, on January 12, 2018, the petitioner filed a third habeas corpus petition in this court, *Pringle v. Sevier*, No. 2:18-cv-00050, which the undersigned has recommended be dismissed without prejudice for lack of personal jurisdiction and venue.

On May 8, 2018, the petitioner filed an action against the Attorney General U.S.A., which has been treated as a Complaint under the Federal Tort Claims Act. *See Pringle v. Attorney General U.S.A.*, No. 2:18-cv-00901. That matter is assigned to the Honorable John T. Copenhaver, Jr., and will be separately addressed.

On May 21, 2018, the petitioner filed a motion to remove or transfer to this court a pending petition for a writ of habeas corpus filed in the Circuit Court of Madison County, Indiana, which was docketed as *Pringle v. Sevier*, No. 2:18-cv-00955. The undersigned has recommended that the petitioner's motions in that matter be denied because removal

of an Indiana state habeas corpus proceeding to this United States District Court is improper under 28 U.S.C. § 1441(a).

On June 11, 2018, the petitioner filed the instant motion, which is titled "Motion for Transfer of a Cause" and cites 28 U.S.C. §§ 1404(a), 1406(a), 1441, and 1631. (ECF No. 1). The petitioner again requests the removal or transfer of his Indiana habeas corpus proceeding to this United States District Court simply because the petitioner does not believe he can get a fair ruling and receive justice in the Indiana courts. The petitioner further asserts that the State of Indiana was without jurisdiction to convict him and, thus, contends that the petitioner has been "kidnapped" and "held hostage." The petitioner also improperly attempts to characterize this matter as a "naturalization matter" and claims that he is a "naturalized citizen" of West Virginia, allegedly making this district court a proper court to review his habeas corpus claims.

## **ANALYSIS**

Section 1441(a) of Title 28 provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States where such action is pending.

28 U.S.C. § 1441(a).

As also noted in the Proposed Findings and Recommendation filed this same date in No. 2:18-cv-00955, to the extent that the petitioner is attempting to remove his pending state habeas corpus proceeding to this United States District Court, such removal is improper under 28 U.S.C. § 1441. First, presuming that the petitioner's habeas corpus petition is a civil action over which a federal district court would have original jurisdiction, the petitioner is not a defendant therein. Rather, he is the petitioner/claimant and has

3

no authority to remove cases under 28 U.S.C. § 1441.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *see also Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("the petitioner in a state court proceeding ha[s] no power to remove his own case. Removal is available only to defendants.")

Moreover, even if the petitioner had the authority to remove his case to federal court, he would be required by the statute to remove the matter to the United States District Court for the Southern District of Indiana, in which the Circuit Court of Madison County is located, and is where the "action is pending."  Additionally, sections 1404(a), 1406(a), and 1631 of Title 28 provide no remedy for the petitioner to transfer his state habeas corpus matter to this court, as they govern the transfer of matters from one federal district court to another, not from a state court to a federal court in another state.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner may not remove or transfer his state habeas corpus proceeding from the Circuit Court of Madison County, Indiana, to this United States District Court. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's "Motion to Remove from State Court to Federal of Charleston, West Virginia" (ECF No. 1) and his "Motion Filing Quasi Contempt and Constructive Contempt" (ECF No. 4), and **DISMISS** this matter from the docket of this court.

The petitioner has been repeatedly advised by this court that, because he was not convicted in and is not incarcerated in the Southern District of West Virginia, this United States District Court has no jurisdiction over the petitioner's custodian or his court of conviction, and the Southern District of West Virginia is not the proper venue to review his claims for habeas corpus relief.  Nonetheless, he continues to file frivolous petitions and motions herein and is unnecessarily taxing judicial resources to address matters upon

4

which he can obtain no relief in this court. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge consider imposing a pre-filing injunction prohibiting the petitioner from filing any additional petitions or motions in this court pertaining to his criminal and habeas corpus proceedings in Indiana.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge