# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ROGER PRINGLE,

        Plaintiff,

v.                        CIVIL ACTION NO. 2:18-cv-01023

DUSHAN ZATECKY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner's "Motion for Transfer of a Cause," (ECF No. 1), and "Motion Filing Quasi Contempt and Constructive Contempt," (ECF No. 4). By Standing Order filed in this case on June 12, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 2.) Magistrate Judge Tinsley entered his PF&R on July 2, 2018, recommending that the Court find that, pursuant to 28 U.S.C. § 1441, Petitioner may not remove or transfer his state habeas corpus proceeding from the Circuit Court of Madison County, Indiana, to this Court. (ECF No. 5 at 4.) Based on that proposed finding, the PF&R further recommends that the Court deny the "Motion for Transfer of a Cause," (ECF No. 1), and "Motion Filing Quasi Contempt and Constructive Contempt," (ECF No. 4), and dismiss this matter from the Court's docket. (ECF No. 5 at 4.) Finally, the PF&R recommends that the Court consider imposing a prefiling injunction prohibiting Petitioner from filing additional petitions or motions in this Court related to his criminal and habeas corpus proceedings in Indiana. (*Id.* at 4–5.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

To date, no objections have been filed. However, Petitioner made three additional filings styled as motions following the entry of the PF&R. He filed two motions for summary judgment, (ECF Nos. 6, 8), and a Motion for Default Judgment, (ECF No. 7). These short documents discuss Petitioner's writ of habeas corpus proceeding allegedly filed in the Circuit Court of Madison County, Indiana, on March 5, 2018, and ask the Court to "rule on the open case of Madison County Circuit Court." (ECF No. 8 at 2; *see also* ECF No. 6 at 2.) Apparently, Petitioner believes that because three months have elapsed since he filed his habeas petition in the Indiana state court without a final ruling, he can rely on 28 U.S.C. § 1441 to remove the case to this Court. (*See* ECF No. 7 at 1.) As explained in the PF&R, however, Petitioner has no authority to remove his case to this Court under that federal statute. (*See* ECF No. 10 at 4.) Thus, even if the three motions could be construed as objections to the PF&R, they are **OVERRULED** as too general and do not warrant a *de novo* review of any conclusion within the PF&R. *See Orpiano*, 687 F.2d at 47.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), and **DENIES** Petitioner's "Motion for Transfer of a Cause," (ECF No. 1), "Motion Filing Quasi Contempt and Constructive

Contempt," (ECF No. 4), two summary judgment motions, (ECF Nos. 6, 8), and Motion for Judgment on the Pleadings," (ECF No. 7).

Further, as recommended by the PF&R, the Court **FINDS** that the imposition of a narrowly-tailored prefiling injunction is appropriate in this case.[1] As such, the Court **ORDERS** as follows:

    1. Petitioner Roger Pringle is hereby **ENJOINED** from filing any actions in the United States District Court for the Southern District of West Virginia pertaining to his criminal and habeas corpus proceedings in Indiana unless he has first obtained leave of the Court.

    2. The Clerk is **DIRECTED** not to accept any additional filings from Roger Pringle pertaining to his criminal and habeas corpus proceedings in Indiana without a showing that he has obtained leave of the Court.

Lastly, the Court **DIRECTS** the Clerk to remove this action from the docket of the Court.

    **IT IS SO ORDERED.**

---

[1] In making this determination, the Court relies on the four factors set forth by the Fourth Circuit in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2009). First, as noted in the PF&R, Petitioner has filed six civil actions in this Court since December 2016 regarding his criminal proceedings in Bartholomew County, Indiana. Additionally, he has filed another civil action related to his criminal proceedings that was dismissed as frivolous last year. *See Pringle v. Land Office of Records, Charleston, West Virginia*, No. 2:16-cv-12089. None of these cases have had any merit, and all but one relate to his Indiana state criminal proceedings that he has been told numerous times cannot be challenged in this Court. This finding of a lack of merit also applies to the second factor because Petitioner demonstrates no good faith basis for his redundant litigation. Third, Petitioner's recent history of meritless litigation necessarily has imposed a heavy burden on the Court. Finally, the fourth factor—the possibility of alternative sanctions—also weighs in favor of an injunction. Petitioner is a *pro se* prisoner who is unlikely to possess the resources to pay any kind of monetary penalty the Court may impose. Similarly, because he is currently incarcerated, the threat of imprisonment is unavailable as an alternative sanction. Therefore, the imposition of a narrowly-tailored prefiling injunction is appropriate in this case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 4, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE